FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 08 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| JOSE RECINOS, a.k.a. Jose Abraham Recino Hernandez,<br><br>          Petitioner,<br><br>     v.<br><br>ERIC H. HOLDER Jr. Attorney General,<br><br>          Respondent. | No. 08-71678<br><br>Agency No. A094-462-154<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 25, 2010[**]

Before:     CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

     Jose Recinos, a native and citizen of El Salvador, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"). We have

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's determination of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review factual findings for substantial evidence. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Substantial evidence supports the agency's determination that Recinos failed to demonstrate he was or will be persecuted based on his father's former civil defense patrol service. *See Arriaga-Barrientos v. INS*, 937 F.2d 411, 414 (9th Cir. 1991) (requiring "pattern of persecution closely tied to the petitioner" where violence against family members is basis of claim). Further, we reject Recinos' claim that he was or will be persecuted by gangs based on an imputed political opinion or his membership in a particular social group. *See Barrios v. Holder*, 581 F.3d 849, 854-56 (9th Cir. 2009); *Santos-Lemus v. Mukasey*, 542 F.3d 738, 745-46 (9th Cir. 2008); *Parussimova v. Mukasey*, 555 F.3d 734, 740-41 (9th Cir. 2009) ("The Real ID Act requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"). Accordingly, because Recinos failed to demonstrate that he was or will be persecuted on account of a protected ground, we

deny the petition as to his asylum and withholding of removal claims. *See Barrios*, 581 F.3d at 856.

Recinos failed to set forth any substantive argument regarding the BIA's denial of his CAT claim. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not supported by argument are deemed waived).

**PETITION FOR REVIEW DENIED.**